UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN, TEXAS

|  |  |
|---|---|
| GUADALUPE GARZA GARZA | ) |
|     Petitioner, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| WILFREDO GARCIA, | ) |
| Supervisor | ) |
| United States Homeland Security, | ) |
|  | ) |
| Serve at: | ) |
| U.S. Immigration and Customs Enforcement | ) |
| McAllen-Miller International Airport | ) |
| 2500 South Bicentennial Street | ) |
| McAllen, Texas 78503 | ) |
|  | ) |
| JULIO TRUJILLO | ) |
| Customs Border Patrol Officer | ) |
|  | ) |
| Serve at: | ) |
| U.S. Immigration and Customs Enforcement | ) |
| McAllen-Miller International Airport | ) |
| 2500 South Bicentennial Street | ) |
| McAllen, Texas 78503 | ) |
|  | ) |
| ENRIQUE M. LUCERO | ) |
| Field Office Director of Enforcement | ) |
| and Removal Operations | ) |
|  | ) |
| Serve at: | ) |
| Department of Homeland Security | ) |
| 1777 NE Loop 410, Suite 1300 | ) |
| San Antonio, Texas 78217 | ) |
|  | ) |
| JOHN KERRY      , | ) |
| United States Secretary of State, | ) |
|  | ) |
| Serve at: | ) |
| United States Department of State | ) |
| 2201 C Street NW | ) |
| Washington, D.C. 20520 | ) |
|  | ) |
| Jonathan M. Rubino | ) |
| Director, Legal Affairs | ) |

1

| | |
|---|---|
| United States Department of State | ) |
| | ) |
| Serve at: | ) |
| | ) |
| United States Department of State | ) |
| Legal Affairs & Law Enforcement | ) |
| 2100 Pennsylvania Avenue NW, 3d Floor | ) |
| Washingnton, D.C. 20037 | ) |
| | ) |
| JEH CHARLES JOHNSON, | ) |
| Secretary, | ) |
| | ) |
| Serve at: | ) |
| Department of Homeland Security | ) |
| 12th & C Street NW | ) |
| Washington, D.C. 20024 | ) |
| | ) |
| ERIC H. HOLDER, JR., | ) |
| Attorney General of the United States, | ) |
| | ) |
| Serve at: | ) |
| U.S. Department of Justice | ) |
| 950 Pennsylvania Avenue, NW | ) |
| Washington, DC 20530-0001 | ) |
| | ) |
| Respondents. | ) |

_____

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

_____

### INTRODUCTION

GUADALUPE GARZA GARZA ("Petitioner") by and through undersigned counsel, respectfully petitions this Court with a Complaint for Declaratory and Injunctive Relief to review the lawfulness of the revocation of his United States Passport by Respondents. Respondents' continued denial of Mr. Garza's United States Passport is unlawful because it is in violation of Mr. Garza's due process rights under the United States Constitution.

Mr. Guadalupe Garza is a citizen and resident of the United States of North America who had a United States Passport which was revoked and seized at the port of entry by Respondents' agents. Respondents relied upon an alleged interview held in Monterrey, Nuevo Leon, Mexico on or about March 12, 1974 to revoke and seize Mr. Garza's United States Passport.

Respondents completely and callously disregarded any attempt or effort by Mr. Garza to clarify, refute or defend himself against allegations that Respondents used to revoke his United States Passport.

## JURISDICTION

This case arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. §1101 et. seq.  This Court has jurisdiction and venue in this action pursuant to 28 U.S.C. § 2201, as Mr. Garza is presently denied his United States of North America Passport under color of the authority of the United States, and such denial is in violation of the Constitution, laws or treaties of the United States.  Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

Venue is properly with this Court pursuant to 18 U.S. § 1391(e) because Respondents are employees or officers of the United States or under contract with the United States, acting in their official capacity, and an agency of the United States, and Petitioner's Passport is under their control; because Petitioner is a resident of the this District; because a substantial part of the events or omission giving rise to the claims occurred in this District.

## PARTIES

1. Mr. Guadalupe Garza Garza, Petitioner, is a native of the United States of North America. Additionally, Petitioner has immigrated his wife.  Their children are United States-born citizens. They have, on a regular basis, crossed back and forth between Mexico and the United States to visit, shop and visit family.  Respondents seized Petitioner's United States Passport at a point of entry into the United States.  Respondents have destabilized Petitioner and his family for more than two (2) years based on an unsubstantiated allegation that took place in some distant time and place, outside the United States.

2. Respondent, Wilfredo Garcia, is a Supervisor for the United States Homeland Security.  Mr. Garcia was stationed at U.S. Immigration and Customs Enforcement, McAllen-Miller International Airport, 2500 South Bicentennial Street, McAllen, Texas.  In his official capacity he supervised the interview with Mr. Garza and approved all the procedures followed to reaffirm their decision to revoke Mr. Garza's United States Passport.

3. Respondent, Julio Trujillo, Customs Border Patrol Officer interviewed Mr. Garza at the U.S. Immigration and Customs Enforcement McAllen-Miller International Airport in McAllen, Texas.  In his official capacity, he interviewed Mr. Garza and recorded the interview.  Mr. Garza denied the allegations brought against him, but Officer Trujillo disregarded the responses and ent ahead with their decision to revoke Mr. Garza's United States Passport.

4. Respondent, Enrique M. Lucero, is the Field Office Director of Enforcement and Removal Operations for the United States for the United States Immigration and Customs Enforcement of the Department of Homeland Security. Under his tenure and direction the border area has become militarized and border officials have taken upon themselves more and more abusive, arbitrary and capricious behavior regardless of the negative impact upon families and individuals. Border officials claim, as their prerogative the seizure and denial and access to the United States based upon their discretion, regardless of legal requirements or procedures visa holders went through to get their non-immigrant visas.

5. Respondent, John Kerry, is the Secretary of State, who is ultimately responsible for the policies and practices of the Department of State. The Department of State is the purveyor of visas and passports. Under his administration consular officials and the corresponding border officials have taken a harsher anti-attorney attitude that prohibits applicants from having attorneys present to assist in the paper work required in the immigration process. Border officials, especially, have taken on a harsher and more hostile attitude and abusive demeanor toward applicants whenever they have an attorney with them.

6. Respondent Jonathan M. Rolbino was the Director of Legal Affairs and Law Enforcement Liaison at the Department of State who denied Mr. Garza his United States passport and thereafter refused to respond to present counsel's letters requesting an opportunity for Mr. Garza to defend himself against the charges and allegations Respondents made against him.

7. Respondent, Jeh Charles Johnson, is the Secretary of Department of Homeland Security. Under his direction the Department of Homeland Security's massive bureaucracy has facilitated the obfuscation of responsibility and therefore accountability among its many departments, divisions, and bureaus. ICE and Border Patrol agents operate with impunity and then hide behind which agency is responsible or has jurisdiction of which action or allegation. The increasingly militarized rules of engagement have resulted in more abuses and violations of human rights, due process and the basic rules of law and regulations. Increasingly, the Department personnel in the field have adopted attitudes of enforcing their individual judgment without regard to rules, regulations, laws or the Constitution of the United States.

8. Respondent, Eric H. Holder, Jr., is the Attorney General of the United States. Under his tenure and guidance, the Department of Justice has increased the round ups that separate families and has imposed the expedited deportation of persons without regard to whether they have a basis to adjust their status in the United States. The "Fast and Furious" policies of the current Attorney General put highly sophisticated automatic weapons in the hands of the drug cartels to "explore" where the weapons ended up. The collateral damage to Mexican individuals, families and communities were of no regard to the current administration of the Department of Justice. Through the disregard for due process and the rules and regulations of law they judge individuals whose subsequent actions are criminalized based on unsubstantiated and illegal actions by Respondents.

## STATEMENT OF FACTS

**9.** On or about March 12, 1974, the United States Consulate in Monterrey, Nuevo Leon, Mexico allegedly held an interview with Mr. Abel Garza an Mrs. Eva Balderas, parents of the Petitioner for allegedly having made a false declaration of birth in violation of INA, Section 212(a)(6)(E), which is "the inducement, encouragement, incitement or assistance of another person to enter the United State through fraudulent means."

10. Mr. Garza and his family were detained and interrogated Thirty-seven (37) years after the alleged interview. The interview allegedly too place when Mr. Garza, the Petitioner, was seven (7) years old. Respondents permitted the Garza family to continue with their lives for thirty-seven (37) years, until Petitioner was forty-four (44) years old and he had his family with him.

11. Mr. Garza was arrested and treated like a criminal in front of his wife and two of his sons, who are United States citizens, and the public to his humiliation and public shame.

12. On or about October 9, 2011, Mr. Garza was interrogated at the Respondents' facility in Mission, Texas. At the age of forty-four (44), Mr. Garza was required to account for his parents' activities when he was seven (7) years old in a foreign country.

13. On or about November 7, 2011, Mr. Garza was given a Notice to Appear for Removal Proceedings at some future date. Four (4) years later, that "future date" has not arrived and Mr. Garza have been placed in limbo by Respondents who cannot make up their minds whether they have a case or not. Mr. Garza was charged with nine counts of violation of the Immigration Laws and was never been given an opportunity to refute the charges, nor to defend himself, contrary to due process of law and violations of his Constitutional rights.

14. Mr. Garza was charged with being "an arriving alien," when in truth and, in fact, he was and is a United States citizen born in Donna, Texas. Mr. Garza was charged with not being a United States citizen when the allegation is a lie. MR. Garza was <u>told</u>, without being shown or proven, that his mother made a statement when Mr. Garza was seven (7) years old that he was not born in Donna, Texas.

15. Mr. Garza was charged with being a "Mexican National," when in truth and in fact, there is no record of his having been born in China, Nuevo Leon, Mexico, and the Respondents knew that in 2011. Mr. Garza was accused of presenting a United States Passport with his name and date of birth for the purpose of returning, with his family, to their home in Edinburg, Texas, and that is the only statement that was true.

16. Mr. Garza was charged under INA Section 212(a)(6)(C)(i), with fraudulently or willfully misrepresenting facts to obtain a United States Passport, The condemnation was never proven, nor was Mr. Garza ever given an opportunity to disprove the lie, but the onerous burdens of the allegations have been place upon the Garza family for the past three years.

17.     Mr. Garza was also charged under INA Section 212(a)(6)(C)(ii) for having falsely represented that he was a United States citizen, which is what Mr. Garza had known all of his life.  Then out of sheer mendacity, Mr. Garza was charged under Section 274(a) for unlawfully employing aliens when during the interview, Mr. Garza stated that he, himself, was unemployed at the time.

CAUSES OF ACTION
COUNT ONE
(SUBSTANTIVE DUE PROCESS)

18.     The allegations contained in paragraphs 1-17 above are repeated and re-alleged as if though fully set forth herein.

19.     The Due Process Clause of the Fifth Amendment "…embodies a system of rights based on moral principles so deeply imbedded in the traditions and feelings of our people as to be deemed fundamental to a civilized society as conceived by our whole history.  Due Process is that which comports with the deepest notions of what is fair and right and just."  U.S. Const., amend V;  *Solesbee v. Balkcom*, 339 U.S. 9, 16 (1950)  Due Process is violated if a practice or rule "offends some principle of justice so rooted in the traditions and conscience of our peoples as to be ranked as fundamental." *Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934).  Due Process sought in this Court action is a long-standing tradition developed over many decades of examination and application in a multiplicity of conditions and circumstances.  "It is manifest that it was not left to the legislative power to enact any process which might be devised.  The article is a restraint on the legislative as well as on the executive and judicial powers of the government, and cannot be so construed as to leave congress free to make any process 'due process of law' by its mere will."  *Murray's Lessee v. Hoboken Land and Improvement Co*. 59 U.S. (18 How.) 272, 276 (1856).

**PROCEDURAL DUE PROCESS**

20.     The allegations contained in paragraphs 1-19 are repeated and re-alleged as if though fully set forth herein.

21.     Starting with the history of the development of definition, and application of Due Process of law in the judicial system, which is "based on moral principles so deeply imbedded in the traditions and feelings of our people as to be deemed fundamental to a civilized society as conceived by our whole history," Id. the power and the authority to govern is based upon a Constitution, upon precedent of law, upon statute and upon rules, regulation and procedures.  The right to govern and rule does not emanate from "discretion" of officials from the executive branch of the tripartite structure of government.  That is why the preceding citation of *The United States Department of State Foreign Affairs Manual Volume 9, Procedural Notes* (10/21/2008) was used to present the criteria and the procedures to follow in the revocation of visas.  The issuance and the revocation of visas is based upon and ruled by criteria, procedures and evidence.  They are not based upon the capriciousness, the bias, or the preference of

6

22.     Respondents contend that the revocation and the procedures selected by them are their *"discretion"* and under that rubric, they take on the entire structures of governance.  They are the accusers, the judges, the juries and the executioners of their *"discretion"*.  They contend that they are above judicial review and that they do not have to account to anyone, for anything done to anyone.  If, in fact, this nation is to be a democracy and continue to be one, the governance has to be transparent, including the treatment of non-European immigrants born in the United States, If Respondents do not want Mexicans to be born or to live in the United States and they make it impossible for Mexicans born in the United States to register their children, what is it that Respondents intend or desire?

### **IRREPARABLE INJURY**

23.     The allegations contained in paragraphs 1-22 are repeated and re-alleged as if though fully set forth herein.

24.     Mr. Garza and his family are suffering and will continue to suffer irreparable injury because of Respondents' refusal to provide to Mr. Garza the substance or the basis of their allegations against him that disqualify him from being a United States citizen born in Donna, Texas.

There has been no neutral magisterial officer or body who has offered Mr. Garza an opportunity to refute the negative allegations made against him and his family's rights, interests and peace of mind.

### **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

25.     The allegations contained in paragraphs 1-24 are repeated and re-alleged as if though fully set forth herein.

26.     Mr. Garza showed up for all the interviews set by Respondents.

27.     Mr. Garza has waited for three years in a state of limbo as to his rights and those of his family.

28.     Respondents issued a pre-textual Notice to Appear and have not done anything to process the case or move it forward.  The pre-text imposed by Respondents was to provide Mr. Garza with a Notice to Appear and then failing for over three (3) years to do anything about it.

29.     Respondents' pre-text prohibits Mr. Garza from seeking any other relief and live in a state of limbo as to his citizenship and that of his family.

30.     Finally, in an effort to have Respondents move forward or to withdraw their allegations, two letters were written and sent to the Secretary of State, registered mail, return receipt requested.  The Department of State has refused or been unable to respond to the queries made on behalf of the Garza family.

31.     Mr. Garza has exhausted his administrative remedies to the extent required by law, and the only remedy available to her is by way of this judicial action.

## EQUAL ACCESS TO JUSTICE ACT

32.     If he prevails, Mr. Garza will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Garza prays that this Honorable Court grant the following relief:

A. Assume jurisdiction over this matter;

B. Issue an Order to Show Cause why Mr. Garza should not be given an opportunity to defend himself against the false allegations made against him and his family;

C. Issue a declaratory judgment stating that Mr. Garza is eligible to be issued a United States Passport and that the Respondents' interpretation and application of the Immigration and Nationality Act is arbitrary and capricious and violates the Due Process Clause of the United States Constitution, and stating further that Mr. Garza is entitled to an individualized hearing before a neutral judge;

D. Issue a declaratory judgment stating that Mr. Garza is entitled to the protections of the Due Process Clause of the United States Constitution;

E. Direct Respondents to immediately prove their allegations against Mr. Garza or withdraw their disqualifying lies against him and his family.

F. Grant attorneys' fees and costs of Court to Mr. Garza under the Equal Access to Justice Act ("EAJA"); and

G. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted this 25th day of August 2014

_____/S/ NARCISO L. ALEMAN_____
Narciso L. Alemán,
Attorney for Mr. Guadalupe Garza Garza